UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CATHY ENWERE,

    Plaintiff,

    v.

TELISHA RACY, et al.,

    Defendants.

Case No. 13-cv-05541-JCS

**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND; GRANTING MOTION FOR RELIEF FROM DEADLINES IN SCHEDULING ORDER**

**Dkt. Nos. 1, 6**

## I. INTRODUCTION

Plaintiff Cathy Enwere (hereafter, "Plaintiff") filed a complaint alleging fraud by Defendants Telisha Ray, the Behavioral Mental Health Clinic and Ted's Village Pharmacy (hereafter, "Defendants"). Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted upon finding Plaintiff to be indigent. *See* Dkt. No. 5. Having granted Plaintiff's application, the Court now considers whether Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). For the reasons explained below, the Court finds that the complaint fails to state a claim and also fails to establish subject matter jurisdiction. Accordingly, the complaint is DISMISSED with leave to amend.[1]

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. No. 8. Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss claims brought in this action because Defendant has not been served, and, as a result, is not a party. *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998)

## II. BACKGROUND

While the complaint is difficult to understand, it appears that Defendant Ray was an employee at Defendant Behavioral Mental Health Clinic (hereafter, "Clinic"), where Plaintiff received mental health care. At times, Plaintiff retrieved her medication from Defendant Ted's Village Pharmacy (hereafter, "Ted's Pharmacy"). Plaintiff does not clearly specify which medication she was given, but Lorazapham is mentioned once in the complaint. *See id*. at 4.

Plaintiff alleges that Defendants misled Plaintiff and gave her medication that was harmful and addictive. Compl. at 2. After taking the medication for some time, Plaintiff called the drug manufacturer and learned that the drug was deadly, addicting, and that it should only be used for two to four weeks. *Id*. at 3. The complaint appears to indicate that Defendants had refused to allow Plaintiff to stop taking this this drug. *See id.* Soon after Plaintiff learned about the dangers of this medication, she took her prescriptions to her primary care doctor, who assisted Plaintiff gradually decrease her dosage of the medication. *Id*. at 4.

Plaintiff alleges that she received "personal prescription information" from both CVS Pharmacy and Walgreens Pharmacy, which presumably included warnings about the medication's dangers and addictive tendencies. *Id*. Plaintiff did not receive this same information from Defendant Ted's Pharmacy. *Id*. Rather, Ted's Pharmacy told Plaintiff to retrieve this information from the drug manufacturer. *Id*.

Plaintiff also alleges that Defendant Ray deliberately tampered with her medication in an effort to make her weak. *Id*. at 2. At one point, Defendant Ray had Plaintiff's medication transferred to her office at the Clinic. *Id*. at 3. Apparently, this included medication that was prescribed by all of Plaintiff's doctors, including doctors that did not work at the Clinic. *Id*. at 5.

Plaintiff alleges that Defendant Ray lied to Plaintiff by telling her that Ted's Pharmacy had changed their delivery process such that Plaintiff's medication would be delivered to the Clinic. *Id*. at 4-5. Plaintiff discovered Ray's lie and then told Ted's Pharmacy to stop delivering her

---

(holding the magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

1 medication to the Clinic. *Id*. at 4. Ted's Pharmacy called Defendant Ray and asked what to do
2 with Plaintiff's medication. *Id*. at 5. It is unclear whether Plaintiff's medications were still being
3 delivered to Defendant Ray at the time Plaintiff filed the complaint.
4     There are no causes of action in the complaint, but Plaintiff alleges a claim for fraud. In
5 the last page of the complaint, Plaintiff also alleges that Defendants violated "American with
6 Disabilities Laws," but does not provide any further facts to provide context to this claim. *Id*. at 7.

## III. DISCUSSION

There are two main deficiencies in Plaintiff's complaint. The first is that the complaint fails to establish subject-matter jurisdiction. The second is that the complaint fails to state a claim. Therefore, the complaint must be dismissed, and will not be served upon Defendants. Plaintiff will, however, be granted leave to amend her complaint to cure the deficiencies discussed below.

### A. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, as they must have jurisdiction over the subject-matter of the action. Where subject-matter jurisdiction is lacking, the case must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1).

There are two types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. There is diversity jurisdiction if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There is federal question jurisdiction if the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In this case, the complaint fails to establish either diversity jurisdiction or federal question jurisdiction. There is no diversity jurisdiction for two reasons. First, Plaintiff does not allege the amount in controversy, and therefore does not establish that the amount in controversy exceeds $75,000. Second, Plaintiff does not allege that she is a citizen of a different state than all of the defendants in this action. There are no allegations in the complaint regarding the citizenship of any of the parties, though Plaintiff does indicate that her home address is in Menlo Park, California. Compl. at 1. If Plaintiff is a citizen of California, there is no diversity jurisdiction unless all of the Defendants are *not* also citizens of California. As currently pled, the complaint

1  fails to establish diversity jurisdiction.

2        The complaint also fails to establish federal-question jurisdiction.  Plaintiff asserts a fraud
3  claim, but claims for fraud arise under state law, not federal law.  In addition, Plaintiff mentions
4  "Americans with Disability Laws" in the last page of her complaint.  Nevertheless, as explained in
5  further detail below, there are no factual allegations that would support a claim under the
6  Americans with Disabilities Act of 1990 (hereafter, "ADA"), 42 U.S.C. § 12181 *et seq*.
7  Therefore, the complaint fails to establish federal-question jurisdiction.

8      **B.**    **Review under 28 U.S.C. § 1915**

9          **1.**    **Legal Standard**

10        Under 28 U.S.C. § 1915, if a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1)
11  and proceed *in forma pauperis*, the court must undergo a preliminary screening of the complaint
12  and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which
13  relief may be granted; or (3) seek monetary relief from a defendant who is immune from such
14  relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief, Plaintiff must make "a short and
15  plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).
16  When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact
17  as true and construe(s) them in the lights most favorable to the non-moving party."  *Parks Sch. of*
18  *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  The "tenet that a court must accept a
19  complaint's allegations as true," however, "is inapplicable to … mere conclusory statements."
20  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545
21  (2007)). The complaint need not contain "detailed factual allegations," but must allege facts
22  sufficient to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 663 (citing
23  *Twombly*, 550 U.S. at 547).  Complaints filed by *pro se* litigants must be liberally construed.
24  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

25          **2.**    **Analysis**

26        As noted above, Plaintiff alleges a claim for fraud.  The Court also construes the compliant
27  as asserting a claim under the ADA, 42 U.S.C. § 12181 *et seq*.  Nonetheless, for both of these
28  claims, Plaintiff fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §

1915(e)(2)(B). The Court discussed each claim separately.

### i. *Fraud*

Fraud is a state common law cause of action. The elements of a properly pled fraud claim are: "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007) (quotations omitted). Moreover, a special pleading standard applies to claims for fraud. Specifically, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff alleging fraud must plead "the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The complaint fails to state a claim for fraud under Rule 9(b)'s heightened pleading standard. There are two possible fraudulent misrepresentations that can be discerned from the complaint. First, Plaintiff alleges that Defendants misrepresented the dangers of the medicine they were giving her. Second, Plaintiff alleges that Defendant Ray misrepresented to her that Ted's Pharmacy changed its delivery policy. Nevertheless, for both of these alleged misrepresentations, Plaintiff does not "state with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b). Specifically, Plaintiff does not allege what specific misrepresentations were made by Defendants, does not allege facts which plausibly show that her reliance on those statements was justified, and fails to mention any resulting damage as a result of the misrepresentations. Accordingly, Plaintiff fails to state a claim for fraud.

### ii. *Americans with Disabilities Act*

In the last page of her complaint, Plaintiff alleges that Defendants violated "Americans with Disabilities Laws." While the Court assumes that Plaintiff meant to assert a claim under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, the factual allegations in the complaint do not support an ADA claim.

Title I and Title II of the ADA prohibit discrimination by employers and public entities, respectively, and therefore, are not relevant to this case. Title III of the ADA prohibits discrimination on the basis of disability by places of public accommodation and commercial

1 facilities. *See* 42 U.S.C. § 12183. To state a claim under Title III of the ADA, a plaintiff must show that he or she is disabled within the meaning of the ADA; that the defendant is a private entity that owns, leases, or operates a commercial facility; and that the plaintiff was denied access to a facility by the defendant because of his or her disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir.2010).

As noted, the allegations in the complaint do not support a claim under the ADA. Plaintiff alleged a claim for fraud, and mentioned the Americans with Disabilities Act only at the end of her complaint without providing any factual basis for this claim. Accordingly, Plaintiff fails to state a claim under the ADA.

## IV.	MOTION TO CONTINUE

Plaintiff also filed a Motion to Continue the Setting of Initial Case Management Conference and ADR Deadlines. *See* Dkt. No. 6. In the Court's November 29, 2013 ADR Scheduling Order, the Court set February 7, 2014 as the last day for the parties to meet and confer and file an ADR Certification, and February 21, 2014 as the last day to file a Rule 26(f) Report and complete initial disclosures. *See* Dkt. No. 3. Plaintiff is hereby relieved from complying with these deadlines. New dates will be set in this case if and when Defendants are served with the complaint.

## V.	CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with leave to amend. If Plaintiff chooses to amend her complaint, she must do so within thirty (30) days of the date of this order. If Plaintiff does not amend, the Clerk is directed to close the file. Plaintiff is encouraged to contact the Legal Help Center of the Justice Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Appointments may be made by signing up in the appointment book located on the table outside the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED**.

Dated: January 23, 2014

JOSEPH C. SPERO
United States Magistrate Judge